Lyman H. FINLEY, Plaintiff,

v.

Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 69–593.

United States District Court, W. D. Pennsylvania.

April 8, 1970.

Douglas D. McBroom, Asst. U. S. Atty. Pittsburgh, Pa., for plaintiff.

Harrington, Feeney & Schweers, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge:

This is an action under section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. The decision rendered on February 25, 1969, became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on April 4, 1969. It holds that plaintiff is not entitled to a period of disability or disability insurance benefits based on his application filed August 16, 1967.

Each of the parties has submitted to the Court a Motion for Summary Judgment.

The Court has considered the pleadings, the full and complete record certified to the Court by the Commissioner, and the briefs of counsel.

The only issue before the Court in this action is whether the final decision of the Secretary is supported by substantial evidence.

To qualify for disability insurance benefits and a period of disability under sections 223 and 216(i) of the Social Security Act, 42 U.S.C.A. §§ 423 and 416(i), an individual must meet the insured status requirements of these sections, be under age 65, file an application for disability insurance benefits and a period of disability, and be under a "disability" as defined in the Act.

■ For purposes of establishing a period of disability under section 216(i) of the Social Security Act, as amended, the same disability provisions as contained in section 223(d) (1) (A), (2) (A), (3) and (5) of the Act are applied.

■ Plaintiff meets the special insured status requirements of the Act through September 30, 1970. Therefore, plaintiff must establish that his disability began prior to April 4, 1969; the date the Secretary's decision became final. 42 U.S.C.A. § 423(d) and 416(i) (2) (G).

The term "disability" is defined in section 223 to mean:

"(d) (1) * * *

"(A) inability to engage in any gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months:

* * *

"(B) * * *

"(2) For purposes of paragraph (1) (A)——[1]

"(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

---

1. The definition of "disability" was amended by the Social Security Amendments of 1967. Public Law 90–248, 81 Stat. 821. Section 158(e) of those amendments provides that the amendments to the definition of disability shall apply to cases pending before the courts if no final decision in the civil action was rendered before the month in which the amendments were enacted which was January 1968.

"(B) * * *

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

"(4) * * *

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

The medical testimony is substantially disputed as to the nature and extent of the physical condition of the plaintiff, as to the activities in which he can safely engage, as to the nature and extent of the employment he can pursue and what is available for employment from which a livelihood could be gained.

The plaintiff was born September 30, 1917, and attended school through the eighth grade. He was in the Army during World War II. Prior to ceasing work he was a ditchdigger, a farmer, a stationary fireman, a hostler, a cab driver, a truck operator, a core washer, a chauffeur, and a sausage maker.

His present income consists of a non-service-connected disability pension from the Veterans Administration in the amount of $120 monthly which he has been receiving since the latter part of 1967 and welfare from the Department of Public Assistance in the amount of $56 monthly plus food stamps.

The plaintiff's principal complaint is a heart condition. A review of the medical evidence in the record clearly establishes that there is no medically determined psychiatric or organic impairment of such severity as to have precluded the plaintiff from engaging in substantial gainful activity, which does exist in the national as well as the local economy.

While there was medical evidence that showed plaintiff had a mild to moderate anxiety reaction, a mild, controlled diabetes, and a chronic arteriosclerotic heart condition, there was also medical evidence which failed to show any objective evidence to support the existence of the heart ailment. The electrocardiograms were essentially within normal limits and chest x-rays failed to support the existence of a significant pulmonary condition. The arthritis of the back was no more than mild in degree. With regard to the plaintiff's questionable arteriosclerotic heart condition, if it is present, a report from the Veterans Administration Hospital showed it was of the functional capacity of Class IIB of the American Heart Association which is interpreted as being slightly to moderately restrictive in activity.

█ It is recognized that the plaintiff is receiving a nonservice-connected disability pension from the Veterans Administration. However, the requirements of the Veterans Administration and the Social Security Administration disability programs differ and a finding of one agency is not binding on the other. Chandler v. Celebrezze, 225 F.Supp. 1001 (S.D.Ill.1964); Ferrell v. Gardner, 260 F.Supp. 996 (S.D.W.Va. 1966).

The conclusion is required that the claimant could not do all the jobs he has carried on during his working years, nor could he engage in physical activities that would require constant application of hard or strenuous effort. This being so, the burden is on the Secretary to show that work is available for him in the local economy. I think there is substantial evidence in the record to establish work is available that he could perform. Substantial probative evidence has been presented as to the type of work the plaintiff was able physically to carry on for a livelihood or monetary gain. There are also jobs and employment available in the local economy which the plaintiff could perform. Strange, also, that he has expressed no desire or willingness to try and pursue employment within the limitations which exist.

I am well aware of the rule of law, to which I agree, that it is bad practice for hearing examiners to ride the circuit

with testifying doctors. I do not believe that condition exists in this proceeding.

 This Court cannot hear or consider the matter de novo nor can the Court substitute its judgment for that of the Secretary or his hearing and appeal agencies.

 Since no authority exists to hear any aspect of the case de novo, the Court has no basis to consider the statement and opinion of G. R. Cunningham, M. D., dated February 10, 1970, attached to the Amendment to the Plaintiff's Motion for Summary Judgment.

Remedies as to change in procedure or the authority of the Court to enter conclusions at variance with the Secretary rest in the Congressional Halls and Legislative Branch of the Government. I do not believe the judiciary should read into an Act something that does not exist, or interpret the law in a manner that adds or takes out of or away from statutes provisions that are adverse to a litigant's interest or prejudice regardless of how obnoxious or impracticable they might be. I make this statement since reasonable men could certainly disagree as to what employment this plaintiff is able to perform and carry on, and if he could secure a job in the competitive labor market.

 Within the framework of my judicial limitations, I must conclude the record contains evidence of a substantial nature to support the Findings and Conclusions of the Secretary although I would not have necessarily reached the same conclusion if the matter were being heard de novo. It must be remembered that hearing examiners who see the witnesses are much more qualified than a person who only reads a cold record. It is similar to the situation which confronts a United States Court of Appeals in a review of Findings and Conclusions of a District Judge in non-jury proceedings.

An appropriate Order is entered.

ORDER

And now, this 8th day of April, 1970, it is ordered that Plaintiff's Motion for Summary Judgment will be, and it hereby is, denied, and the Defendant's Motion for Summary Judgment will be, and it hereby is, granted; that the decision of the Secretary of Health, Education and Welfare will be, and it hereby is, affirmed, and the Plaintiff's Complaint will be, and it hereby is, dismissed.