**Rose Marie Metz HARRIS, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 73–1035.**

United States District Court, W. D. Pennsylvania.

June 27, 1974.

Francis J. Carey, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

OPINION

WEBER, District Judge.

This is an action for review of a final decision of the Secretary of Health, Education and Welfare which denied the plaintiff, Rose Marie Metz Harris, widow's insurance benefits as the surviving wife of the wage earner John D. Harris. The Secretary denied the benefits claimed because she failed to establish

that she was at any time married to the deceased wage earner within the meaning of the Social Security Act and its regulations. The decision of the Administrative Law Judge of August 15, 1973 became final upon its affirmance by the Appeals Council on October 11, 1973. This action was timely filed thereafter.

As in all social security cases the sole question presented to the court is whether there is substantial evidence on the record as a whole to support the Secretary's findings. The Secretary's findings are conclusive when supported by substantial evidence.

The insurance requirements of the Act and the age requirement of the claim beneficiary have been fully met. ■ Section 216(h) of the Act [42 U.S.C.A. § 416(h)(1)] defines a "widow" and states that an applicant is the widow of an insured individual if the courts of the State in which such individual was domiciled at the time of death would find that such applicant and such insured individual were validly married. In this case the law of Pennsylvania controls on the issue of the widow status. In Pennsylvania two kinds of marriage are recognized; ceremonial marriage and common law marriage. The Administrative Law Judge in this case found there was no ceremonial marriage and applied the standards of Pennsylvania law to determine whether or not there was a marriage cognizable at common law. Under Pennsylvania a presumption of marriage may arise by law when it has been shown that the parties lived together openly and continuously as husband and wife, and that they acquired the reputation in the community as being husband and wife. Knecht v. Knecht, 261 Pa. 410, 104 A. 676 [1918]. The Administrative Law Judge found the evidence as to cohabitation and reputation so confusing and incredible that he found that the claimant had not carried the burden of proof of establishing the existence of a common law marriage under the Pennsylvania standards of reputation and cohabitation. We are in full agreement with the position of the Government that the Administrative Law Judge's findings when observing the credibility and demeanor of witnesses should be given great weight. Finley v. Finch, 311 F.Supp. 204 [W.D.Pa.1970]. Under this standard our review of the record would indicate that his findings are supported by substantial evidence and should be affirmed were this the proper legal standard of determination. However, in Gower Estate, 445 Pa. 554, 284 A.2d 742 [1971] the Supreme Court of Pennsylvania determined that where there is a writing sufficient to establish proof of a common law marriage we need not consider whether the proof of cohabitation and reputation either corroborates or establishes independently the validity of the common law marriage. The record in this case contains two exhibits, Ex. 31 and Ex. 32, which are written documents in the handwriting of each of the parties which contain a present declaration that the parties took each other as husband and wife respectively. The two documents are witnessed by Kathryn L. Troy, a sister of the claimant, whose deposition testimony was received in the record and who testified to a ceremony at which the couple announced the pact in the presence of several parties who were specially gathered together for the occasion. The ceremony was also attended by Carla Trybend whose deposition is contained in this record. She testified that there was a private ceremony at the claimant's apartment before her sister, the deponent, and another person. There was a ring given and the guests who were specially invited for the occasion gave gifts. Carla Trybend stated "It was just like a regular wedding, but it was private, that is all. There were only a few people involved." This ceremony was also attended by Betty Probst, whose deposition is included in the record. Betty Probst was also one of the parties specially invited for this gathering and described the "pact" which the parties announced they had

entered into to live together as husband and wife, and again described the gift of the ring and the wedding gifts brought by the guests.

There is also in the record the written statement of Frank Pelone (Ex. 34) who saw the parties writing the pact on December 22, 1965 and who read the pact and heard the witnesses announcement of their marriage at that time.

There is no evidence in the record that the written declarations of the parties, Exhibits 31 and 32, are not genuine and what they purport to be.

We believe that the two documents, Exhibits 31 and 32, sufficiently establish a marriage under the law of Pennsylvania, regardless of the weight of the testimony of reputation and cohabitation.

"A common law marriage is established by words in the present tense, uttered with the view and for the purpose of establishing the relation of husband and wife. Stauffer Estate, 372 Pa. 537, 94 A.2d 726 [1953]. The courts have been frequently called upon to make distinctions between the valid *verba in praesenti* and the invalid *verba de futuro*. See, e. g., Blecher Estate, 381 Pa. 138, 112 A.2d 129 [1955], and cases cited therein.

\* \* \* \* \* \*

Not only is it clear that the words used are in the present tense, it is also clear from the writing that the parties intended that, at least on that day 'now, and . . . forever hereafter,' they were openly accepting each other as man and wife. Obviously, the 'intention of the parties may not be disregarded.' Brown v. Nolen, 298 Pa. 384, 148 A. 498 [1940]. Both appellant and the decedent stated that the purpose of the writing was for 'establishing marriage status.'

\* \* \* \* \* \*

. . . The reason or motive underlying the decision to marry is not relevant to a finding of the *intention* to marry.

\* \* \* \* \* \*

Here we have in written form the clear agreement of marriage, albeit common law, at a time when there was no obstacle or impediment to a legal marriage of any kind. Having decided that the writing is sufficient to establish proof of a common law marriage, we need not consider whether the proof of cohabitation and reputation either corroborates or establishes independently the validity of the common law marriage." Gower Estate, 445 Pa. 554 [1971], pp. 556, 557, 558, 284 A.2d 742, p. 743.

We, therefore, find that the written exhibits plus the testimony of attending witnesses clearly establish that a valid marriage was contracted between the claimant and the deceased wage earner under the law of Pennsylvania on December 22, 1965. We find the determination of the Secretary to be based on an erroneous concept of the controlling law of Pennsylvania.

## ORDER

And now this 27th day of June, 1974, the Motion of the Plaintiff for Summary Judgment is granted, and the Motion of the Defendant, Secretary of Health, Education and Welfare for Summary Judgment is denied, and the decision of the Secretary of Health, Education and Welfare in the above matter is reversed. The within matter is ordered remanded to the Secretary of Health, Education and Welfare for the computation of benefits under the Social Security Act to which the claimant is entitled under the determination in the above Opinion.